522 A.2d 154

Richard Klusman on behalf of himself and all others similarly situated and William Van Horn, on behalf of himself and all others similarly situated, Petitioners *v.* Bucks County Court of Common Pleas and H. Paul Kester, Court Administrator, Respondents.

Argued December 10, 1986 before President Judge CRUMLISH, JR. and Judges CRAIG, MCPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Neil A. Morris,* Of Counsel: *Sidkoff, Pincus & Green, P.C.,* for petitioners.

*Howland W. Abramson,* with him, *Charles W. Johns,* for respondent, Bucks County Court of Common Pleas.

*Peter A. Glascott,* for respondent, County of Bucks.

OPINION BY JUDGE MACPHAIL, March 9, 1987:

In this class action[1] brought in our original jurisdiction, the Petitioners[2] request partial summary judgment against the Respondents[3] on the issue of liability for allegedly collecting funds in excess of that permitted by Section 1725.1 of the Judicial Code (Code), 42 Pa. C. S. §1725.1. We will deny the motion.

---

[1] No class has been certified.

[2] Richard Klusman, William Van Horn and Solomon Bronstein and Marian Sherman, t/a Doral Garden Associates and Bensalem Garden Associates.

[3] Bucks County Court of Common Pleas, Paul H. Kester, Court Administrator, and Bucks County.

Subsection (a) of Section 1725.1 of the Code establishes the costs to be charged by the minor judiciary in civil cases and concludes with this statement: "Said costs shall not include, however, the cost of postage and registered mail which shall be borne by the plaintiff."

On December 4, 1980, a memorandum was sent from the office of the Court Administrator of Bucks County to all district courts which provided, in pertinent part, that:

> [T]he following schedule of postal charges is effective January 1, 1981 for all Bucks County District Courts:
>
> Trespass and assumpsit $6.00
> Landlord and Tenant $6.00
> (Add $3.00 for each additional defendant)
> Counterclaim $3.00

Petitioners, each of whom asserts that they have been either plaintiffs or defendants in civil actions in the district courts of Bucks County and have paid the $6.00 postage charge, claim that that charge is in violation of Section 1725.1 of the Code. They ask us to enjoin the Respondents from collecting any more than the charge for actual postage, to require that the Respondents refund the overcharge with interest and to assess counsel fees. The Petitioners have not identified their complaint other than as a "first amended class action complaint." We believe, however, in view of the relief requested, that the complaint is in the nature of an equitable proceeding.

In the Respondents' answers to the Petitioners' amended complaint, various affirmative defenses are raised including immunity from suit, the bar of the statute of limitations, lack of proper statutory notice required by 42 Pa. C. S. §5522, the standing of one of the parties and the failure of the Petitioners to state a claim

upon which relief in equity can be granted. None of these issues have been addressed or resolved.

Before we can undertake to determine whether or not the Petitioners are entitled to any relief, let alone summary judgment on the basis of the pleadings and other relevant documents now before us, it must first be determined whether any of the asserted affirmative defenses apply. The present posture of this case does not permit us to rule on those defenses, however, since all that is before us at this time is *Petitioners'* motion for partial summary judgment. *Cf.* 6 Standard Pa. Practice 2d §32:9 at 215-16 (1982) (summary judgment inappropriate where there are outstanding and undecided preliminary objections). In *Kane v. Hilton,* 78 Pa. Commonwealth Ct. 629, 468 A.2d 1160 (1983), we stated that to be entitled to summary judgment the moving party's burden, *inter alia,* is to prove that its right to judgment is clear. Here, we hold the Petitioners have not met that burden.

It would be a futile act indeed for us to render judgment on Petitioners' motion based on our interpretation of Section 1725.1 of the Code if it should also appear that one or more of the Respondents is immune from suit or if the statute of limitations would bar recovery.

We, accordingly, will deny the motion now before us.

ORDER

The Petitioners' motion for partial summary judgment is denied.